SCOFIELD et al. v. MOORE.

(Supreme Court, General Term, Fifth Department.   October 23, 1890.)

BONDS—TO INDEMNIFY EXECUTORS.

On transferring the personal estate of a testator to the person entitled thereto, the executors took from him a bond for the payment of all the just debts of the testator, "and the necessary expense of the execution of said will." Held, that it was the obvious intention of the parties to the bond to exonerate the executors from all responsibility and expense they might be subjected to in their administration as executors or trustees, and that under the bond they were entitled to recover the expense of successfully defending a suit to restrain them from selling the real estate as authorized by the will.

Appeal from circuit court, Monroe county.

Action by Rufus Scofield and another as executors, etc., of Lucy Jane Blodgett, deceased, against Althea A. Moore. Trial was had without a jury, and resulted in a judgment for plaintiff, from which defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

Isaac S. Signor, for appellant.   J. D. Decker, for respondents.

MACOMBER, J. Under the pleadings, and in pursuance of the stipulation made in open court at the trial, the plaintiffs were entitled to recover of the defendant, if anything, the sum of $300, with interest from the 25th day of June, 1889. Under other concessions made at the trial, no question arises touching the failure to bring suit upon the bond in question against the principal, for whom the defendant was a surety. The only matter, therefore, in controversy is whether the defendant is bound by the terms of the bond, which she signed as such surety, to pay the plaintiffs, as their indemnity against expenses, the sum of $300, according to the condition of the bond. The plaintiffs are the executors of the last will and testament of Lucy Jane Blodgett, deceased. The will of the testatrix gave the use and possession of all of her property to her brother, Norman Blodgett, and after his death, the same was devised and bequeathed to his children by name. Under the seventh clause of the will, the executors were authorized in their discretion, at any time before the death or coming of age of any of the said children, to sell and convey any or all of the real estate so devised to them after the termination of the life-estate, and to keep the proceeds thereof so invested for their benefit until they become entitled to receive the same. On transferring the personal property to Norman Blodgett, the executors took from him a bond, which is as follows: "We, said Norman Blodgett, and Althea A. Moore, as his surety, do hereby severally and jointly undertake, covenant, and agree to and with said Rufus H. Scofield and Edward L. Blodgett, executors as aforesaid, that said Norman Blodgett shall and will pay all of the just debts of said Lucy Jane Blodgett, and the necessary expenses of the execution of said will, including the legal compensation of said executors, and shall save their executors, and their heirs, executors, and administrators, harmless of and from all debts, demands, and liabilities which may exist or accrue against the estate of the said Lucy Jane Blodgett: provided, however, that said executors shall contest any and all claims against said estate of Lucy Jane Blodgett, unless the same shall be approved first by said Norman Blodgett; but the expense of any such contest is to be paid by said Norman Blodgett or his said surety, and they shall and do hereby hold said executors harmless therefrom." An action was begun against these executors, after the death of Norman Blodgett, by the latter's infant children appearing by guardian ad litem, for the purpose of restraining these executors from making such sale so authorized by the will, and from further intermeddling with the estate of the testatrix. That action terminated at the trial, and throughout the courts of the state, in favor of the defendants therein. In such contest they incurred an expense, besides the taxable costs, in the sum of $300, which they now seek to recover of the

surety upon the bond above set forth. It is argued by counsel for the appellant that inasmuch as the plaintiffs, in attempting to sell the real estate, were acting as trustees under the will, and not distinctly as executors, no recovery can be had by them for any expense incurred in that litigation, because the bond did not contemplate the execution of the trust, but only such expense as would properly be payable out of the personal estate transferred by the executors to Norman Blodgett. It is urged upon our attention that countenance to this proposition is found in that class of cases where the courts have permitted the executors to divest themselves of the distinctive duties as executors under the will, and, on assuming the distinctively trust duties created by that will, to receive additional commissions or compensation over and above what they had received as such executors. But this method of reasoning is hardly satisfactory. Its application to this case is somewhat fanciful. No such distinction could have entered the minds of the persons signing this obligation. By the terms of the instrument, the necessary expenses of the execution of the whole will were provided for. The successful defense to the claim made by the infant heirs of Norman Blodgett was a necessary expense incurred in the due execution of the will itself. It matters not whether the plaintiffs were acting at the time as trustees under a power given to them by the seventh provision of the will, or only as executors. In either case they were defending the terms of the will, and preventing a defeat of the intention of the testatrix. This contract of guaranty is subject to the same rules of interpretation as other contracts. It comes within that fundamental rule requiring it to be enforced according to the meaning and intent of the parties. *People* v. *Lee*, 104 N. Y. 449, 10 N. E. Rep. 884. Beyond question it was the obvious intention of the parties signing this bond to exonerate the executors of all responsibility and expense of whatever nature they might be subjected to in their administration as executors or trustees. There is no ambiguity in the instrument. We are not without authority closely touching this case. In *Insurance Co.* v. *Holt*, 21 Wkly. Dig. 118, a bond of indemnity had been given indemnifying the plaintiff from all costs, liabilities, expenses, etc., to which it might be subjected in consequence of paying the claimant. Other claims were made against the obligor, and an action was brought to recover the expenses of defending successfully a suit brought thereon. The position was taken and sustained at the trial that the bond was intended to and did cover only valid claims against the estate, and not those which were invalid. Upon appeal, however, that decision was reversed, the court holding that the indemnitors, under the language of the bond, were liable for the expenses incurred in defending successfully an unjust claim made against it. The judgment appealed from should be affirmed, with costs. All concur.